IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>Plaintiff,<br><br>vs.<br><br>C.B. McNEIL, CLINTON FISCHER, CASEY EMERSON,<br><br>Defendants. | CV 14–210–M–DLC–JCL<br><br>ORDER |

**FILED**

SEP 22 2014

Clerk, U.S District Court
District Of Montana
Missoula

United States Magistrate Judge Jeremiah Lynch entered his Findings and Recommendation on August 19, 2014, granting Plaintiff Hartsoe's motion to proceed in forma pauperis on the basis that he lacks sufficient funds to prosecute this action, pursuant to 28 U.S.C. § 1915(a). However, pursuant to 28 U.S.C. § 1915(e)(2), Judge Lynch reviewed Hartsoe's pleadings to determine whether the allegations contained therein were sufficient to survive dismissal. Judge Lynch determined that: (1) Defendant McNeil is not subject to suit by virtue of judicial immunity, and (2) Defendants Fischer and Emerson, having not acted under color of state law while serving as counsel for Hartsoe's adversary in another matter, are not subject to suit under 42 U.S.C. § 1983. Consequently, Judge Lynch

recommended that Hartsoe's action be dismissed with prejudice against all Defendants. Hartsoe failed to timely object to the Findings and Recommendation, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Lynch's Findings and Recommendation in full.

Absent judicial "acts in the clear absence of all jurisdiction . . . or perform[ance of] an act that is not judicial in nature" – neither of which Hartsoe alleges here – Defendant McNeil enjoys judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citations and internal quotation marks omitted). Further, because there was not "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," Defendants Fischer and Emerson, as private attorneys, cannot be sued under 42 U.S.C. § 1983. *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003) (citations omitted). There is no clear error in Judge Lynch's recommendation that Hartsoe's action against these defendants should be dismissed with prejudice.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL. This action is DISMISSED with prejudice.

The Clerk of Court shall enter judgment in favor Defendants and against Plaintiff.

This case is CLOSED.

DATED this 22nd day of September, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court